**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernesto Salgado Martinez, | No. CV-05-1561-PHX-EHC |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| vs. | |
| | **ORDER** |
| Dora Schriro, et al., | |
| Respondents. | |

Before the Court is Petitioner's motion to alter or amend judgment. (Dkt. 90.) The motion is brought in response to the Court's Order denying Petitioner's amended habeas corpus petition. (Dkts. 88, 89.) Petitioner requests reconsideration of the Court's ruling and an expanded certificate of appealability.

**<u>Rule 59</u>**

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is essentially a motion for reconsideration. Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Id.*; *see also 389 Orange Street Partners v.*

*Arnold,* 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see also School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-926 (9th Cir. 1988), nor is it the time to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

**Claim 2**

Petitioner requests reconsideration regarding this claim in response to a new U.S. Supreme Court case, *Snyder v. Louisiana*, 128 S. Ct. 1203 (2008). On the basis of *Snyder*, Petitioner contends that this Court should further evaluate the sincerity and credibility of the prosecutor in using his peremptory challenges to strike the two remaining blacks from the jury. (Dkt. 90 at 3.) Petitioner argues that the prosecutor's reasons for the peremptory strikes were exaggerated and pretextual because the same grounds were not employed to exclude non-blacks from the jury. (*Id.*)

In *Snyder*, the Supreme Court determined that the Louisiana Supreme Court clearly erred in determining that the prosecutor's reasons for striking a black juror did not amount to purposeful discrimination. 128 S. Ct. at 1206. The Court explained that the best evidence for evaluating discriminatory intent is the demeanor of the prosecutor exercising the strikes and the demeanor of the juror who is stricken. Due to the subjectiveness of such an

evaluation, the *Snyder* Court reemphasized that determinations of credibility and demeanor lie peculiarly within a trial court's province. *Id.* at 1208. Searching the trial record, the Court found that the trial court had not made a specific factual determination regarding the demeanor of the stricken juror, even though the prosecutor listed it as one of the reasons for the strike. *Id.* at 1209. Instead, the trial court relied on the second basis for the strike, hardship regarding the juror's student-teaching obligations. *Id.* at 1209-11. In evaluating this reason, the Court found that the record did not support that the juror's student-teaching obligation would have prevented him from serving. *Id.* Because the prosecutor accepted white jurors with similar conflicting obligations, the Court found the prosecutor's justification a pretext for racial discrimination. *Id.* at 1211-12.

In *Snyder*, the Supreme Court found that the Louisiana Supreme Court clearly erred because the factual record did not support the prosecution's reasons for the strikes and because similarly situated white jurors were treated in a disparate manner. Such is not the case here. The factual reasons given by the prosecutor for the peremptory challenges of the jurors in this case are supported by the trial record. (Dkt. 88 at 18-20, 22-24.) Furthermore, similarly situated white jurors were not treated in a disparate manner. (*Id.* at 22-24.) Therefore, the state court decision was not an unreasonable application of *Batson* and it was not an unreasonable determination of the facts in light of the evidence presented. The Court will not reconsider its ruling regarding Claim 2 and will not expand its certificate of appealability.

**Claims 4, 13 and 17**

In Claims 4, 13 and 17, Petitioner reargues the same matters that this Court has

- 3 -

already considered. A motion for reconsideration is not the time to ask the court to "rethink what it has already thought through." *See Rezzonico*, 32 F. Supp.2d at 1116. Additionally, Petitioner requests that the Court expand its certificate of appealability to include these claims. However, the Court has already considered this issue; the Court declines to issue a certificate of appealability as to these claims.

Based on the foregoing,

**IT IS HEREBY ORDERED** denying Petitioner's motion for reconsideration. (Dkt. 90.)

DATED this 15th day of April, 2008.

*Earl H Carroll*
———————————————
Earl H. Carroll
United States District Judge