**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernesto Salgado Martinez, | No. CV-05-01561-PHX-ROS |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's motion to alter or amend the Court's order, entered March 31, 2016, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 128.) Petitioner argues that the Court should amend its order to include the issuance of a certificate of appealability ("COA") with respect to Petitioner's Renewed Request for Indication Whether the Court Would Consider a Rule 60(b) Motion, and also with respect to the Court's finding that Petitioner failed to establish cause and prejudice, in the form of state post-conviction relief ("PCR") ineffectiveness under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to overcome the procedural default of Claims 11, 12 and 17 in Petitioner's § 2254 petition. For the reasons set forth below, the motion will be denied.

**DISCUSSION**

As an initial matter, Respondents urge this Court to find Petitioner's motion, filed on April 28, 2016, untimely. A motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure must be filed "no later than 28 days after the entry of the judgment." Respondents assert that the relevant date of entry of judgment in this case is March 21,

2008, when the Court denied Petitioner's amended petition for writ of habeas corpus, and entered judgment for Respondents. (*See* Docs. 88 and 89.) Respondents further assert that the Court's order, filed on March 31, 2016, did not affect or reopen the judgment entered March 21, 2008. The Court agrees.

Petitioner cannot bring his motion pursuant to Rule 59(e) because this Court's March 31, 2016 order was not a final judgment or an appealable interlocutory order. *See Balla v. Idaho State Bd. of Corrections,* 869 F.2d 461, 466 (9th Cir. 1989) (noting that Rule 59(e) only applies to final judgments and appealable interlocutory orders). While Petitioner asserts that the Ninth Circuit's remand order clearly contemplated that habeas relief could be granted within the context of Rule 60(b) or *Martinez*, the Court declined to reconsider its prior procedural order finding Claims 4, 11, 12, 16 and 17 procedurally barred, and declined a renewed request to entertain a Rule 60(b) motion. Thus, the Court left its previous judgment intact.

Moreover, construed as a nonspecific motion for reconsideration, it is untimely. Local Rule of Civil Procedure 7.2(g)(2) states that "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." The order Petitioner challenges was filed on March 31, 2016, and Petitioner's motion was filed on April 28, 2016. The motion, therefore, is untimely under Local Rule 7.2(g)(2), and Petitioner has not proffered any good cause for his untimely filing.

A motion for reconsideration *may* be treated as a Rule 60(b) motion for relief if it is filed past the filing deadline for a Rule 59(e) motion. *See American Ironworks & Erectors, Inc. v. North American Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). The moving party under Rule 60(b) is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed.R.Civ.P. 60(b).

Only the "catch-all provision," Rule 60(b)(6), might apply to Petitioner's motion. A claim for relief under that provision requires a showing of "extraordinary circumstances" that justify reopening a judgment. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). "Such circumstances will rarely occur in the habeas context." *Id.* at 535. Petitioner's motion falls short of demonstrating the "extraordinary circumstances" necessary to justify relief under Rule 60(b).

Even if Petitioner's Rule 59(e) motion were timely, Petitioner is not entitled to the relief he requests. As the Ninth Circuit recently reiterated, altering or amending a judgment under Rule 59(e) is "an 'extraordinary remedy' usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, --- F.3d ---, 2016 WL 2610176, at *6 (9th Cir. 2016) (citing *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)). "[A] Rule 59(e) motion may not be used to 'raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation,'" *id.* (citing *Allstate Ins. Co.*, 634 F.3d at 1112), nor is it the time "to ask the court to rethink what it has already thought through—rightly or wrongly," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D.Ariz. 1998) (quotation omitted). Furthermore, restating previous arguments does not afford a basis to grant reconsideration. *Rezzonico*, 32 F. Supp.2d at 1116.

Petitioner seeks amendment of this Court's order, entered March 31, 2016, to include the issuance of a COA. (Doc. 128.) Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when a petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For

procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.*

This Court has already rejected many of Petitioner's arguments, and will not reconsider them here. (*See* Doc. 127.) Specifically, Petitioner continues to argue that the Court incorrectly characterized his Rule 60(b) claims as disguised second or successive claims, and that there was a defect in the integrity of the proceedings which constituted an extraordinary circumstance permitting relief from judgment. (*See id.* at 9–13.) These arguments are without merit. They merely reassert arguments already addressed and rejected by this Court. The Court will not reconsider them now.

In addition to reasserting arguments made in the motion below, Petitioner supports his motion with an assertion that the courts of appeal in this circuit and others have granted a COA on similar claims that a Rule 60(b) motion is in fact a disguised successive habeas petition. (Doc. 128 at 4) (citing *Jones v. Ryan*, 733 F.3d 825, 832 & n.3 (9th Cir. 2013), and *Clark v. Stephens*, 627 Fed.Appx. 305, 307 (5th Cir. 2015)). The Court agrees that a COA may be granted on the district court's denial of a Rule 60(b) motion[1], *see Jones*, 733 F.3d at 833. n.3, and that such a claim may implicate "a substantial showing of the denial of a constitutional right," 28 U.S.C. 2253(c)(2). The Court disagrees, however, with Petitioner's assertion that jurists of reason could debate whether the Rule 60(b) motion was a disguised and unauthorized second or successive § 2254 habeas petition. The fact that other courts have found the issue debatable on the facts before them does nothing to inform the issue on the facts presented in this case. Additionally, the fact that "three judges of the Ninth Circuit remanded this matter for

---

[1] Contrary to Petitioner's assertion, the Ninth Circuit in *Jones* did not address whether a COA could issue for a denial of a *request for indication* whether the district court would consider a Rule 60(b) motion, rather, the Court addressed whether a COA should be granted following a district court's denial of a Rule 60(b) motion filed in district court *in the first instance*. Further, the Court in *Jones* explained that were Jones appealing a valid Rule 60(b) motion, and not a disguised second or successive habeas petition, Jones may have had no need for a COA. *See Jones*, 733 F.3d at 833 n.3. Regardless, for purposes of this motion, the Court assumes a COA could be granted on a denial of a request for indication whether the Court would consider a Rule 60(b) motion.

- 4 -

consideration of the *Brady* and *Napue* claims under Rule 60(b)," is not, contrary to Petitioner's assessment, "a clear indication that reasonable jurists could disagree with respect to this Court's denial of relief on the Rule 60(b) Request." (Doc. 128 at 7) (emphasis deleted). The court specifically noted that it expressed "no opinion on the merits of Petitioner's contentions or on whether an evidentiary hearing is necessary." (Doc. 104 at 3.) This Court will not find that the remanding court expressed an opinion on the merits of the issue where it directly disavowed offering any such opinion.

Next, Petitioner argues that a COA should be granted to address the Ninth Circuit's inconsistency in construing Petitioner's motion to stay the appeal and remand as a motion for leave to file in the district court a renewed request for an indication whether the District Court would consider a Rule 60(b) motion, while remanding two other appeals, *Gallegos v. Ryan*, Ninth Cir. No. 08-99029, Dkt. 72-1 (Apr. 7, 2016), and *Quezada v. Scribner*, 611 F.3d 1165 (9th Cir. 2010), for consideration of the merits of the underlying *Brady* claims based on newly-discovered evidence. Respondents correctly assert that this argument does not advance Petitioner's claim because it fails to establish that reasonable jurists could debate whether he made a substantial showing of the denial of a constitutional right, or that this Court was correct in its procedural ruling.

Petitioner also argues that Respondents have failed to explain how the Court's materiality determination of the "Fryer *Brady* Claim" raised in the habeas petition met the threshold for a COA (*see* Doc. 88 at 58-59), but the "Beatty *Brady* Claim" argued in his supplemental brief does not. (Doc. 130 at 6.) This argument, however, ignores the procedural posture of Petitioner's "Beatty *Brady* Claim." The Court's findings regarding Petitioner's renewed request for a Rule 60(b) motion, which addressed whether Petitioner was attempting to bring a second or successive claim, did not rest on the materiality of the Beatty *Brady* Claim, but on whether the alleged exculpatory evidence undermined the integrity of the Court's prior decisions.

Next, Petitioner argues that this Court committed error in determining that Petitioner's ineffective assistance of counsel ("IAC") claims were insubstantial, by

- 5 -

failing to aggregate the prejudice to Petitioner with respect to the allegations raised in Claims 11 and 12. Petitioner cites no support for his assertion that this Court should consider the aggregation of the alleged prejudice for purposes of a *Martinez* analysis. Further, Petitioner did not argue, in either his supplemental brief filed pursuant to *Martinez* or in his reply, that the Court should consider the cumulative prejudice arising from counsel's deficient performance as alleged in Claims 11 and 12. Defendant has a duty to show that counsel's errors had an actual, as opposed to conceivable, effect on the outcome of the jury, *see Strickland v. Washington*, 466 U.S. 668, 693 (1984), and merely alleging multiple instances of deficient performance does not obviate the need to establish that defendant was actually prejudiced by their cumulative effect.

Finally, Respondents assert that, by finding that Petitioner failed to establish cause under *Martinez* to excuse the procedural default of Claims 11, 12, and 17, this Court necessarily already found that Claims 11, 12, and 17 were not "substantial"—meaning that Petitioner failed to establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013) (en banc) (quotation omitted) (acknowledging that *Martinez* incorporated the standard for issuing a COA in its definition of substantiality). Petitioner counters that Respondents' argument turns the objective "reasonable jurist" COA test into a subjective one, and there is no indication, apart from the Court's "conclusory statement in which it denied the COA," that it weighed whether reasonable jurists might debate its determinations of cause and prejudice and the merits of the IAC claims. (Doc. 130 at 7.) The fact remains, however, that the Court did clearly indicate that it had weighed the matter, objectively, and for the same reasons stated in the body of the order, determined that the matter was not debatable by reasonable jurists. (Doc. 127 at 50.) While Petitioner might disagree with the Court's assessment, there is no clear error because it is evident from the Order that the Court applied the reasonable jurist test to Petitioner's claims in denying a COA. Petitioner's

1 mere disagreement with this Court's ruling, without any showing of newly-discovered
2 evidence, a change in the law, or clear error, is insufficient to establish that a COA should
3 issue on these claims.
4     Accordingly,
5     IT IS ORDERED Petitioner's Motion to Alter or Amend Judgment Pursuant to
6 Rule 59(e) (Doc. 128) is DENIED.
7     Dated this 16th day of June, 2016.

Honorable Roslyn O. Silver
Senior United States District Judge