WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernesto Salgado Martinez,<br><br>         Petitioner,<br><br>v.<br><br>David Shinn[1], et al.,<br><br>         Respondents. | No. CV-05-01561-PHX-ROS<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

    Petitioner Ernesto Salgado Martinez, an Arizona death row inmate, seeks relief under Federal Rule of Civil Procedure Rule 60(b)(6). (Doc. 136). Martinez argues he is entitled to discovery and to issuance of an appealable order regarding arguments made in a prior Rule 60 motion. For the reasons set forth below, Martinez is not entitled to discovery and the arguments he made in a previous Rule 60 motion will be rejected again.

## BACKGROUND

    In 1997, Martinez was convicted and sentenced to death in state court. After his convictions and sentence were affirmed, Martinez filed a federal petition for writ of habeas corpus. That petition was denied in 2008 but the Court granted a certificate of appealability ("COA") on three claims. Shortly thereafter, Martinez filed a request to alter or amend the judgment and to expand the COA. Those requests were denied and Martinez filed a notice of appeal. (Doc. 92).

    Before Martinez filed his opening brief with the Ninth Circuit, he filed a request in

---

[1] David Shinn, Director of the Arizona Department of Corrections, Rehabilitation & Reentry is substituted for his predecessor pursuant to Fed. R. Civ. P. 25(d)(1).

this court for an "indication" whether it would consider a Rule 60(b) motion. (Docs. 95). The Court summarily denied the request. (Doc. 101). After the completion of appellate briefing, the Ninth Circuit stayed the appeal and issued a limited remand. In describing part of that limited remand, the Ninth Circuit explained it was granting leave for Martinez to file "a renewed request for indication whether the district court would consider a rule 60(b) motion . . . for consideration of a possible *Brady-Napue* claim in light of newly discovered evidence." *Martinez v. Ryan*, 926 F.3d 1215, 1222–23 (9th Cir. 2019).

Upon receiving the limited remand, this Court ruled it would not consider a Rule 60 motion. Proceedings then resumed at the Ninth Circuit and, in 2020, that court affirmed the denial of relief. In doing so, the Ninth Circuit concluded it lacked jurisdiction to review the denial of Martinez's "request for indication" whether this Court would entertain a Rule 60 motion.

A few months after the Ninth Circuit issued its mandate, Martinez filed a "Motion for Relief from Judgment Pursuant to Rule 60(b)." Martinez's motion seeks two forms of relief. First, he seeks "discovery" regarding a "*Napue* claim." (Doc. 136 at 3). That is, Martinez seeks to set aside the judgment so that he can pursue discovery in support of a potential future claim involving the alleged presentation of fabricated evidence. Second, Martinez seeks a ruling on the merits of the arguments set forth in his "request for indication" filed in 2015 after the Ninth Circuit's "limited remand." (Doc. 136 at 6). Martinez explains he needs such a ruling because the Ninth Circuit concluded it lacked jurisdiction to reach those issues and he is entitled to appellate review.

## ANALYSIS

The Court will begin with Martinez's request for discovery and then, briefly, address the arguments he made in his 2015 "request for indication."

### I. Rule 60 Motion Seeking Discovery

Pursuant to AEDPA, a Rule 60 motion presenting a "claim" cannot proceed in the district court if the petitioner has not first obtained "certification from the court of appeals." *Mitchell v. United States*, 958 F.3d 775, 784 (9th Cir. 2020). However, a Rule 60 motion

seeking discovery in support of possible claims does not require such a certification. *Id.* Therefore, to the extent Martinez's Rule 60 motion is seeking discovery and merely "the opportunity to attempt to develop a claim," the Court has jurisdiction to resolve the motion. *Id.* at 786.[2] While the legal rule that a petitioner can file a Rule 60 motion for the sole purpose of obtaining post-judgment discovery appears to be new, Martinez still must establish "extraordinary circumstances" to justify reopening the judgment. *Id.*

There are six factors to guide the Court's determination of "extraordinary circumstances" in this context.[3] *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009). Those "factors are not a rigid or exhaustive checklist." *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017). Rather, they are meant to provide guidance when assessing "the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Id.*

The first factor is whether there has been a "change in intervening law." *Id.* at 787. According to Martinez, the Ninth Circuit's decision in *Mitchell* comprised an "extraordinary change in the law." For present purposes, the Court will assume *Mitchell* represented a change in the law regarding post-judgment discovery requests. Thus, after *Mitchell*, such post-judgment discovery requests are *possible*. But nothing in *Mitchell* indicates a court *must* grant such discovery. In fact, in *Mitchell* itself the Ninth Circuit

---

[2] Unfortunately, the Ninth Circuit did not explain clearly how courts should resolve such motions. And, in practice, this approach seemingly contemplates an unorthodox sequence of events. In most cases, valid judgments cannot be set aside to allow a party to pursue discovery that may or may not impact the correctness of the judgment. Normally, a party must present a valid reason for setting aside the judgment beyond mere hopes that discovery will be somehow helpful. However, the analysis in *Mitchell* appears to contemplate a situation where 1) a petitioner requests to set aside the judgment so he can conduct discovery; 2) the court sets aside the judgment; 3) the petitioner conducts discovery; and 4) the court then decides whether to reissue a judgment similar to the vacated judgment or issue a judgment that differs from the original in material ways.

[3] The factors are whether (1) there has been an intervening change in law; (2) the petitioner exercised diligence in pursuing the issue; (3) granting the motion would disturb the parties' reliance interest in the finality of the judgment; (4) there is delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; (5) there is a close connection between the original and intervening decisions at issue in the Rule 60(b) motion; and (6) relief from judgment would upset the principles of comity governing the interaction between coordinate sovereign judicial systems. *Phelps v. Alameida*, 569 F.3d 1120, 1135–40 (9th Cir. 2009).

affirmed the denial of post-judgment discovery. Thus, even assuming *Mitchell* represented an "extraordinary change in the law," the precise change *Mitchell* wrought does not support Martinez's request.

After *Mitchell*, the question is not whether discovery can be permitted but whether it should be. Here, Martinez has outlined the evidence he wishes to seek in discovery but even if he secured that evidence, there is no significant likelihood Martinez would obtain relief. First, Martinez would have "to determine which vehicle the law provides for [him] to vindicate the right violated." (Doc. 136 at 4). Given the constraints imposed by AEDPA, that would be a difficult task. Second, assuming Martinez found a legitimate "vehicle" to present claims using the new evidence, there is no meaningful likelihood his convictions or sentences would be upset. At this point in Martinez's criminal proceedings, and in light of the other evidence in the record, disputes about the car's ignition switch or what a witness may or may not have heard Martinez say seem highly unlikely to lead to a different result. Discovery is not required after *Mitchell* and the Court concludes, in its discretion, that discovery is not merited here.

In addition to the alleged change in the law set forth in *Mitchell*, Martinez argues other factors support his request for Rule 60 relief. Martinez argues he has pursued "discovery relief" diligently, allowing him to pursue discovery would not impact any reliance interests, there is a "close relationship" between the discovery he seeks and a claim he may wish to assert, and allowing the discovery would have no negative impact on the principles of comity. (Doc. 136 at 14-15). These factors are not enough to support relief because, again, there is no meaningful likelihood the discovery would lead to a different result. The attenuated circumstances of Martinez pursuing *possible* evidence to support *possible* claims do not present a situation where vacating the judgment would be "appropriate to accomplish justice." *Hall*, 861 F.3d at 987.

At the end of his discovery-related arguments, Martinez argues that if he is allowed to pursue discovery, and that discovery results in favorable evidence, he "may be able to establish a defect in the integrity of the earlier proceeding." (Doc. 136 at 15). It is not clear

if Martinez is asserting this as a separate basis for Rule 60 relief or if he is merely observing that it is possible, if discovery were allowed, that he would have other arguments to make. To the extent he intends for it to be an independent basis for Rule 60 relief, it is not persuasive.

A Rule 60 motion can be used to attack "some defect in the integrity of the federal habeas proceedings." *Jones v. Ryan*, 733 F.3d 825, 836 (9th Cir. 2013). But that concept refers to "the integrity of the prior proceeding with regard to the claims that were actually asserted in that proceeding." *Id.* Martinez has not clearly identified the claims previously asserted that he believes would now come out differently if he were allowed discovery. Martinez is not entitled to Rule 60 relief to pursue discovery.

## II.     Rule 60 Motion Seeking Ruling on Prior Arguments

In addition to his discovery-related arguments, Martinez seeks a final order on the arguments presented in his renewed Request for Indication filed in 2015. (Doc. 115). As previously indicated, this Court lacks jurisdiction to entertain that motion:

> Petitioner has not demonstrated any defect in the integrity of these habeas proceedings, but instead seeks to raise new substantive claims that his rights under *Brady* and *Napue* were violated. It is therefore a second or successive petition, and this Court lacks jurisdiction to consider the *Brady* and *Napue* claims absent authorization from the court of appeals pursuant to 28 U.S.C. § 2244(b)(3).

(Doc. 127 at 25). The Court rejects Martinez's arguments for the same reasons stated in its previous order. (*See* Doc. 127 at 1–25).

## III.    Certificate of Appealability

For the reasons stated in this order, the Court finds that reasonable jurists could not debate its application of Rule 60(b) to Petitioner's Rule 60(b) motion regarding discovery or to the Court's finding that it is without jurisdiction to consider Martinez's arguments set forth in his Request for Indication.

Accordingly,

**IT IS ORDERED** Martinez's Motion for Relief from Judgment Pursuant to Rule 60(b) (Doc. 136) is **DENIED**.

1 **IT IS FURTHER ORDERED** Martinez's Motion for Relief from Judgment Pursuant to Rule 60(b) (Doc. 136) is also **DENIED** to the extent it incorporates the arguments set forth Doc. 115.

**IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED**.

Dated this 23rd day of March, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge